Alejandro RAYMONDO–
DIEGO, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–72625.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Alejandro Raymondo–Diego, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the immigration judge's ("IJ's") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008), and we review due process claims de novo, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The IJ denied Raymondo–Diego's asylum application as time barred, and Raymondo–Diego does not challenge this finding.

Substantial evidence supports the IJ's denial of withholding of removal because the difficulties Raymondo–Diego suffered in Guatemala did not rise to the level of persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003), and the unharmed presence of Raymondo–Diego's similarly situated family members undermines his fear of future persecution, *see Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001). Substantial evidence also supports the IJ's finding that Raymondo–Diego failed to establish a pattern or practice of persecution against indigenous people in Guatemala. *See Wakkary v. Holder,* 558 F.3d 1049, 1060–62 (9th Cir.2009).

In is opening brief, Raymondo–Diego fails to challenge the IJ's determination that he did not establish eligibility for CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Finally, Raymondo–Diego's due process challenge to the BIA's summary affirmance is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003). And, his due process challenge that the IJ failed to analyze the country reports is contradicted by the record. *See Almagh-*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*zar v. Gonzales,* 457 F.3d 915, 921–22 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

